E-FILED
Tuesday, 05 May, 2026 02:56:02 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| JERRY DAVEY,<br>　　Plaintiff, | )<br>) |
| | ) |
| v. | ) Case No. 3:25-cv-03296-SEM |
| | ) |
| ZORIAN TRUSEWYCH *et al.*,<br>　　Defendants. | )<br>) |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 11) filed under 42 U.S.C § 1983, a Motion for Extension of Time (Doc. 12), and a Motion for Counsel (Doc. 5) filed by Plaintiff Jerry Davey, an inmate at Western Illinois Correctional Center ("WICC").

Plaintiff's Motions for extension of time and for leave to file an amended pleading are granted. The Court concludes that Plaintiff's account is sufficient to state Eighth Amendment deliberate indifference to serious medical needs claims against Healthcare Unit ("HCU") Administrators Black and Burke, Licensed Practical Nurse Dixon, and Dr. Zorian Trusewych (deceased). Plaintiff also

states a plausible policy claim against Wexford Health Sources, Incorporated ("Wexford") pursuant to the Supreme Court's decision in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Because Plaintiff does not name or assert any claim against former WICC Warden Britanny Greene, Illinois Department of Corrections Director Latoya Hughes, or Administrative Review Board member Rebecca Riggs, as Plaintiff raised in his dismissed initial pleading (Doc. 1), Greene, Hughes, and Riggs are dismissed as parties. Plaintiff's Motion for Counsel is denied.

## I. AMENDED COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's pleading and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon reviewing the complaint, the court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are

insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B.  Factual Allegations

Plaintiff alleges constitutional violations at WICC against the following officials: Healthcare Unit ("HCU") Administrators Black and Burke, Licensed Practical Nurse Dixon, Dr. Zorian Trusewych (deceased), and Wexford Health Sources, Incorporated ("Wexford").

Plaintiff asserts that he repeatedly explained to Defendants that he has chronic prostatitis,[1] which has caused him to urinate hourly and has resulted in sleep deprivation, but Defendants have not taken any action. Plaintiff also asserts that Wexford has instituted a policy requiring every inmate to attend sick call three times before being referred to a physician for treatment.

## C. Analysis

Plaintiff's Motions for an Extension of Time (Doc. 12) to file his amended pleading and for Leave to File an Amended Complaint

---

[1] "Prostatitis is a condition of the prostate gland most often linked with swelling and irritation, called inflammation. Prostatitis can make it painful or hard to urinate. It also may cause pain in the groin, pelvic area or genitals." Mayo Clinic, Prostatitis, https://www.mayoclinic.org/diseases-conditions/prostatitis/symptoms-causes/syc-20355766 (last visited May 1, 2026).

(Doc. 11) are granted. The Clerk of the Court is directed to docket Plaintiff's amended pleading (Doc. 11 at 3-12.)

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

"A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Black, Burke, Dixon, and Trusewych.

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that municipal liability under *Monell* applies to corporations as well). "The 'official policy' requirement was

intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff's allegation that Wexford instituted a policy that requires every inmate to attend sick call three times before being referred to a physician for treatment is also sufficient to state a *Monell* claim against Wexford.

However, because Plaintiff does not name or assert any claim against former WICC Warden Britanny Greene, Illinois Department of Corrections Director Latoya Hughes, or Administrative Review Board member Rebecca Riggs, as Plaintiff raised in his dismissed initial pleading (Doc. 1), Greene, Hughes, and Riggs are dismissed as parties. *See Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations . . . not brought forward fell by the wayside.").

Page **6** of **12**

## II. COUNSEL

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's motion demonstrates that he has satisfied his threshold burden by attempting to find counsel independently.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). "These two considerations 'are

necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand.'" (*Id.*) (quoting *Pruitt*, 503 F.3d at 655).

Specifically, courts should consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Eagan*, 987 F.3d at 682. "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings." *Id.* The assessment "must include 'the tasks that normally attend litigation: evidence gathering, preparing[,] and responding to motions and other court filings, and trial.'" *Id.* "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his … case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id.* at 682-83.

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase.

After Defendants have been served and filed their answers to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's motions for recruitment of counsel, with leave to renew on a more developed record.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for an Extension of Time (Doc. 12) to file his amended pleading and for Leave to File an Amended Complaint (Doc. 11) are GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff's amended pleading.**

2) **Plaintiff's Motion for Counsel (Doc. 5) is DENIED with leave to renew.**

3) **The Court DIRECTS the Clerk of the Court to terminate Britanny Greene, Latoya Hughes, and Rebecca Riggs as parties.**

4) **According to the Court's Merit Review screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical need claims against Defendants Black, Burke, Dixon, and Trusewych. Plaintiff also states a plausible *Monell* policy claim against Wexford. Plaintiff's claims against Black, Burke, Dixon, and Trusewych proceed in their individual capacities only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not send evidence to the Court unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive deadlines.

7) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall send to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants'

counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

10) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 5, 2026.


s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE